UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLLIE FRANKLIN JR., <br><br> *Plaintiff*, <br><br> v. <br><br> HURON STREET ASSOCIATES LLC; and FRANKLIN ROOM, LLC, <br><br> *Defendants*. | Case No. 15-4221 <br><br><br> **COMPLAINT** |

Plaintiff Ollie Franklin Jr., by and through the undersigned counsel, brings this action against Defendants Huron Street Associates LLC, an Illinois limited liability company; and Franklin Room, LLC, an Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant known as "The Franklin Room", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "The Franklin Room", located at 675 N Franklin Street, Chicago, IL 60654.

3. Defendants' failure to provide equal access to "The Franklin Room" violates the mandate of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Franklin Room, LLC was given advance notice that its facilities contained accessibil-

- 1 -


ity barriers through a letter sent on April 7, 2015, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Ollie Franklin Jr. is a resident of the city of Chicago, Illinois. Plaintiff Franklin suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff Ollie Franklin Jr. suffers from psoriatic arthritis. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is forced to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Franklin Room, LLC, an Illinois limited liability company, is the operator of the real property and improvements which are the subject of this action, the restaurant "The Franklin Room", a place of public accommodation within the meaning of the ADA, located at the street address of 675 N Franklin Street, Chicago, IL 60654.

11. Defendant Huron Street Associates LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the restaurant "The Franklin Room", a place of public accommodation within the meaning of the ADA, located at the street address of 675 N Franklin Street, Chicago, IL 60654.

## FACTUAL BACKGROUND

12. On or around April 20, 2015 Plaintiff Franklin attempted to visit "The Franklin Room", which is located approximately six city blocks from his apartment.

13. Upon arrival, Plaintiff Franklin could not find an accessible route into the restaurant.

14. Immediately inside the front entrance a staircase descended to the basement from the street level. The staircase contained twelve steps, and the basement was a full building level lower than street level. A photograph in Exhibit A to this Complaint shows the staircase at the entrance to "The Franklin Room".

15. No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

16. In light of the architectural barriers at "The Franklin Room", Plaintiff Franklin is deterred from visiting "The Franklin Room" in the future. He is unable to enter "The Franklin Room". Plaintiff Franklin would like to be able to patronize "The Franklin Room", but these architectural barriers deter him from doing so. He plans to return and patronize "The Franklin Room" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

17. Plaintiff Franklin attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to

access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Franklin cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

18. Defendants have discriminated against Plaintiff Franklin on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "The Franklin Room". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "The Franklin Room" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "The Franklin Room" does not have an accessible route connecting the entrance to the restaurant dining areas, in violation of ADAAG 206.2.4.

   b. To the extent that "The Franklin Room" has an entrance with an accessible route to the interior, the entrance was not marked as accessible, in violation of ADAAG 216.6.

   c. To the extent that "The Franklin Room" has an entrance with an accessible route to the interior, the route from the inaccessible entrance to the accessible entrance (if any), was not marked with directional signage, in violation of ADAAG 216.6.

   d. The space occupied by "The Franklin Room" underwent a $250,000 renovation in 2011, and a $350,000 renovation in 2014, but Defendants failed to ensure that the altered portions of the facility were readily accessible to persons in wheelchairs to the maximum extent possible, in violation of ADAAG 202.3 and 28 C.F.R. § 36.402, and they failed to ensure that the paths of travel to the altered areas were accessible, in violation of 28 C.F.R. § 36.403, and ADAAG 202.4.

19. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "The Franklin Room".

20. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "The Franklin Room" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

21. Compliance with the ADA standards and the ADAAG to the maximum extent feasible regarding accessible routes is required by 28 C.F.R. §§ 36.402 and 36.403, and ADAAG 202.3 and 202.4, because the space occupied by "The Franklin Room" underwent an estimated $250,000 in alterations in 2011 and an estimated $350,000 in alterations in 2014, and these alterations affected the primary function areas of the restaurant.

22. Compliance with the ADA standards, the ADAAG, and the MHRA is further required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendant due to the lack of difficulty and low cost of remedying some of the above-listed barriers.

23. As a person with a disability, Plaintiff Franklin has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "The Franklin Room" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

### FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

25. Plaintiff incorporates and realleges the above paragraphs.

26. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Franklin has been denied full and equal access to "The Franklin Room" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

30. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

31. Plaintiff Franklin plans to visit "The Franklin Room" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "The Franklin Room" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

32. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "The Franklin Room" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and

ADAAG, and/or to close "The Franklin Room" until such time as Defendants cure the access barriers.

33. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  <u>May 13, 2015</u>

                                                  /s/ John Steele
                                                  John L. Steele (# 6292158)
                                                  ACCESSIBILITY LAW GROUP
                                                  500 Michigan Avenue, Suite 600
                                                  Chicago, Illinois 60611
                                                  E-mail: jsteele@accessibilitylawgroup.com
                                                  Phone: (312) 396-4154